IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER E. YOUNG, # N-00345,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00553-GPM |
| | ) |
| **JON M. CAMP, LT. BRADLEY,** | ) |
| **C/O LIND, C/O FURLOW, C/O JAMES,** | ) |
| **LT. KLINDWORTH,** | ) |
| **MARCUS A. MYERS, C/O CLARK,** | ) |
| **VIPIN K. SHAH, and C/O HASTINGS,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Christopher Young, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 12-year sentence and an 11-year sentence for two aggravated criminal sexual assault convictions. Plaintiff claims that while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), Defendants violated his Eighth Amendment rights by failing to protect him from inmate attacks and failing to provide him with adequate medical care. Plaintiff seeks injunctive relief and monetary damages. He also seeks a prison transfer and expungement of his prison disciplinary record.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

Upon his arrival at Pinckneyville, Plaintiff asked Defendant Clark, an Internal Affairs Officer, to place him in protective custody because he had known enemies at the prison (Doc. 1, p. 8). Plaintiff explained that he was unable to defend himself because his movement was limited by injuries he sustained in an earlier automobile accident (Doc. 1, p. 8). Despite the request, Defendant Clark placed Plaintiff in the general inmate population, where his life was threatened (Doc. 1, p. 8).

Plaintiff then submitted written requests for placement in protective custody to Defendant Bradley, the Supervisor of Internal Affairs at Pickneyville, and Defendants Clark, Bradley, Lind, and Furlow, who were Internal Affairs Officers at Pickneyville (Doc. 1, pp. 8–9). Defendants made fun of Plaintiff and denied his requests for protective custody, but did move Plaintiff to a different housing unit (Doc. 1, p. 9). However, Plaintiff continued to receive threats by the individuals he previously identified as his enemies (Doc. 1, p. 9).

On October 13, 2011, Plaintiff was attacked by two inmates on his way to the dining hall (Doc. 1, p. 9). Plaintiff was taken to the Health Care Unit, and then placed in segregation (Doc. 1, p. 9). When he was released from segregation, Plaintiff again requested to be placed in protective custody, but his requests were denied by Defendants Bradley, Lind, Furlow, and James (Doc. 1, p. 9). Additionally, Defendant Bradley warned Plaintiff that if he continued to get into fights, he would be placed in segregation indefinitely (Doc. 1, p. 9).

After the attack, Plaintiff was seen by Defendant Shah, the medical doctor at Pickneyville, for medical treatment (Doc. 1, p. 10). According to Plaintiff, Dr. Shah examined

Plaintiff's shoulders, hand, wrist, and arm after Plaintiff told him about his symptoms, including pain and numbness (Doc. 1, p. 10). Plaintiff also told Dr. Shah the treatment he was receiving was not relieving his pain (Doc. 1, p. 10). In response, Defendant Shah told Plaintiff that "he was not ObamaCare" and if Plaintiff "wanted medical care, he should not have come to prison" (Doc. 1, p. 10).

Plaintiff returned to the general inmate population, where he asked a wing officer to place him in protective custody (Doc. 1, p. 10). Plaintiff also asked that the wing officer contact Defendants Furlow, Lind, Brandley, and James about his latest request (Doc. 1, p. 10). The wing officer did so, and then placed Plaintiff in a locked cell while awaiting further instructions (Doc. 1, p. 10). An inmate worker approached the cell and threatened Plaintiff's life (Doc. 1, p. 10).

According to Plaintiff, he was in such a state of despair that he attempted to commit suicide by hanging himself (Doc. 1, pp. 10-11). He was pulled down by correctional officers and placed on crisis watch (Doc. 1, p. 11). In a subsequent interview with Defendant Furlow, Plaintiff identified his enemies in photographs (Doc. 1, p. 11). Defendants Furlow and Lind, in turn, mocked Plaintiff for his failed suicide attempt, and accused him of "crying wolf" (Doc. 1, p. 11). Defendant Furlow also issued Plaintiff a disciplinary ticket dated January 11, 2012 (Doc. 1, p. 11). Plaintiff claims his request to be placed in protective custody was again denied (Doc. 1, p. 11).

Plaintiff was returned to the general inmate population on January 30, 2012 (Doc. 1, p. 11). Soon thereafter, an inmate attacked him in the yard, stabbing Plaintiff in the left arm and hitting him in the face (Doc. 1, p. 11). After the attack, Plaintiff was examined in the health care unit, and his wounds were treated (Doc. 1, p. 12).

On February 4, 2012, Plaintiff reported problems with his cellmate and his asthma, and asked Defendant Hastings for medical assistance (Doc. 1, p. 12). When no help came, Plaintiff opened the window in the cell, which upset his cellmate who began attacking Plaintiff violently with a food tray (Doc. 1, p. 12). Defendants Hastings and Camp answered Plaintiff's calls for help, but refused to move Plaintiff or request medical help (Doc. 1, p. 12). Plaintiff continued calling for help as officers were delivering the last meal of the day, and Defendant Camp warned Plaintiff to stop (Doc. 1, p. 13).

When Defendant Camp attempted to insert a food tray into Plaintiff's cell, Plaintiff feared that it would be used as a weapon by his cellmate, so he shoved it back out (Doc. 1, p. 13). Defendant Camp then ordered Plaintiff to "cuff up" (Doc. 1, p. 13). Plaintiff claims he told Defendant Camp that he was afraid his cellmate would assault him while he was being handcuffed, but Defendant Camp ignored Plaintiff's concerns and threatened Plaintiff (Doc. 1, p. 13). As Plaintiff put his hands through the tray slot so Defendant Camp could handcuff him, Plaintiff's cellmate attacked him (Doc. 1, pp. 13–14). According to Plaintiff, Defendants Hastings and Camp allowed the attack to continue for approximately two minutes before ordering the cellmate to stop (Doc. 1, p. 14). Additionally, Defendant Camp issued Plaintiff a disciplinary ticket for assaulting an officer based on this incident (Doc. 1, p. 14).

Prior to his hearing before the adjustment committee, Plaintiff asked to call witnesses and submit a written statement (Doc. 1, p. 14). It is unclear whether Plaintiff was ultimately allowed to do either at the hearing (Doc. 1, p. 14). At the hearing, Defendants Klindworth and Myers indicated that they spoke with Defendant Camp, who reported that he did not feel Plaintiff was trying to assault him (Doc. 1, p. 14). Nevertheless, the adjustment committee found Plaintiff

guilty (Doc. 1, p. 14). Plaintiff received six months of segregation, C-grade, good conduct credit revocation, contact visit restrictions, and a prison transfer (Doc. 1, p. 14).

## DISCUSSION

Accepting Plaintiff's allegations as true, the Court finds it convenient to divide the complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Eighth Amendment failure to protect claim against Defendants Camp, Bradley, Lind, Furlow, James, Clark, and Hastings.

**Count 2:** Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Shah, Camp, and Hastings.

**Count 3:** Fourteenth Amendment due process claim against Defendants Klindworth and Myers.

### Count 1 – Failure to Protect

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has a colorable Eighth Amendment failure to protect claim against Defendants Camp, Bradley, Lind, Furlow, James, Clark, and Hastings. However, Plaintiff has not stated a failure to protect claim against Defendants Klindworth, Myers, or Shah. Plaintiff, like many other inmates, seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Although Plaintiff has sued Defendants Klindworth, Myers, and Shah in their individual capacities, Plaintiff has failed to allege any facts which demonstrate that they are "personally responsible for

the deprivation of a constitutional right" as it relates to Plaintiff's failure to protect claim. *Id.* Accordingly, Plaintiff shall be allowed to proceed on Count 1 only against Defendants Camp, Bradley, Lind, Furlow, James, Clark, and Hastings.

**Count 2 – Deliberate Indifference to a Serious Medical Need**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has a colorable Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Camp and Hastings for ignoring his requests for medical attention for his asthma.

With respect to Dr. Shah, Plaintiff's allegations are a bit vague, but the Court finds that they are sufficient to put Defendant Shah on notice of the claim against him. It is not entirely clear to the Court what Plaintiff's serious medical condition is. Plaintiff indicated in the body of the complaint that he wanted "treatment for his condition." In his prayer for relief, Plaintiff made another vague reference to his medical condition when he indicated that he wanted "my medical situation to be properly diagnosed." Additionally, his complaints against Defendant Shah do not appear to be connected in any way to his asthma; rather, the medical condition that Plaintiff is complaining about appears to relate to injuries that he suffered in an automobile accident at some indeterminate time before he was incarcerated. Nevertheless, Plaintiff alleged that he told Dr. Shah that he was suffering from pain and numbness and that the current course of treatment was not sufficient, and it appears that Dr. Shah did nothing in response. Therefore, Plaintiff has alleged facts sufficient to state a claim against Defendant Shah for deliberate indifference.

However, Plaintiff has failed to allege any facts demonstrating the personal involvement of Defendants Bradley, Lind, Furlow, James, and Clark for the deprivation of medical treatment. Accordingly, Plaintiff shall be allowed to proceed on Count 2 against only Defendants Shah,

Camp, and Hastings.

**<u>Dismissal of Count 3 – Due Process</u>**

Plaintiff has failed to state a due process claim against Defendants Klindworth and Myers, or anyone else. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

In the complaint, Plaintiff does not include sufficient facts to suggest that any violation of his right to due process has occurred. His allegations are simply too vague to form an arguable basis for this claim. Although Plaintiff's due process claim in this § 1983 action shall be dismissed, it is worth emphasizing that a loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. However, Plaintiff cannot challenge the loss of good conduct credit through a § 1983 action until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court

order, or a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The complaint does not suggest that Plaintiff has had the disciplinary decision invalidated. Therefore, he must first seek return of his good time through state remedies and/or via a federal habeas corpus action before he can state a § 1983 claim on these allegations. Accordingly, Count 3 shall be dismissed without prejudice. Defendant Klindworth and Myers shall also be dismissed without prejudice.

## DISPOSITION

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**DEFENDANTS KLINDWORTH** and **MYERS** shall also be dismissed without prejudice from this action.

The Clerk of Court shall prepare for **DEFENDANTS CAMP, BRADLEY, LIND, FURLOW, JAMES, CLARK, HASTINGS, AND SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: July 16, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge