IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-553-GPM-DGW |
| ) | |
| JON M. CAMP ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are three Motions to Execute Service of Complaint Upon Correctional Officer Hastings (Docs. 25, 31, 34) filed by Plaintiff, Christopher Young, the Motion to Execute Service of Complaint Upon Defendant Jon Camp (Doc. 26) filed by Plaintiff on July 29, 2013, and a Motion to Appoint Counsel (Doc. 35) filed by Plaintiff on September 6, 2013. The Motions to Execute Service Upon Correctional Officer Hastings are **DENIED**; the Motion to Execute Service Upon Correctional Officer Jon Camp is **DENIED** as **MOOT**; the Motion to Appoint Counsel is **DENIED**.

**Service upon Defendant Hastings**

After this Court issued its threshold order finding that Plaintiff's complaint stated claims for failure to protect and deliberate indifference to a serious medical need, the Clerk prepared requests for waivers of service for Defendants Camp, Bradley, Lind, Furlow, James, Clark, Hastings, and Shah (Docs. 12-19). Waivers of service were returned unexecuted as to Defendants Hastings and Camp on July 25, 2013 as Camp had retired from Pinckneyville Correctional Center and there was more than one correctional officer named Hastings that worked at the facility. In

Plaintiff's Motions to Execute Service, he states that Correctional Officer Hastings worked on February 4, 2012 "in 5-House segregation building." He further states that on said date Correctional Officer Hastings worked the "c-wing on the 3:00 to 11:00 pm shift" along with Sergeant Camp. Sergeant Camp has returned a waiver of service. Defendants are **DIRECTED** to use this information to identify Correctional Officer Hastings as it should be sufficient. Defendants **SHALL** file notice with the Court by October 15, 2013, identifying Correctional Officer Hastings.

### Service upon Defendant Jon Camp

Plaintiff filed a Motion to Execute Service of Complaint Upon Defendant Jon Camp (Doc. 26) on July 29, 2013. On July 29, 2013, a Second Request for Waiver of Service was sent to Defendant Camp. On August 14, 2013, Waiver of Service was returned executed as to Defendant Camp. As such, Plaintiff's motion is **DENIED** as **MOOT**.

### Motion to Appoint Counsel

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the

judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-56. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his initial burden of attempting to secure private counsel. Plaintiff has attached a letter he sent to six attorneys to his Motion for Recruitment of Counsel. The letters garnered responses from four attorneys declining to represent him. Thus, Plaintiff has made reasonable, albeit unsuccessful, attempts to secure counsel.

The Court nonetheless finds that Plaintiff is competent to advance this uncomplicated matter. The Complaint in this matter appears to be written and attested to by the Plaintiff himself. He is capable of reading, writing and understanding the English language. Plaintiff's complaint is clearly stated and contains only two colorable legal claims—namely that the defendants failed to protect him from assault, even after he informed them of the risk, and that Dr. Shah was deliberately indifferent to his serious medical needs. While Plaintiff's claims are colorable, they are not complex and he will be capable of investigating crucial facts. Plaintiff appears to be competent to prosecute this relatively simple matter.

IT IS SO ORDERED.

DATED: September 24, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**