IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-553-NJR-DGW |
| | ) |
| JON M. CAMP, JASON BRADLEY, | ) |
| BART LIND, SEAN FURLOW, | ) |
| GREGORY JAMES, MICHAEL CLARK, | ) |
| VIPIN K. SHAH, and | ) |
| JEFFREY HASTINGS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 111), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed on August 22, 2014, by Defendants Jon Camp, Jason Bradley, Bart Lind, Sean Furlow, Gregory James, Michael Clark, and Jeffrey Hastings (Doc. 86).[1]

Plaintiff Christopher Young is an inmate in the custody of the Illinois Department of Corrections at Stateville Correctional Center. He filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on June 12, 2013, alleging that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff was

---

[1] Defendant Vipin Shah has not moved for summary judgment on the issue of exhaustion.

allowed to proceed against Defendants Camp, Bradley Lind, Furlow, James, Clark, and Hastings for failure to protect and against Defendants Camp, Hastings, and Shah for deliberate indifference (Doc. 10).

On August 22, 2014, all Defendants (with the exception of Vipin Shah) moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 86). Plaintiff filed a timely response in opposition to the motion for summary judgment (Docs. 100, 101). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on December 1, 2014 (Doc. 109). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued a Report and Recommendation on February 25, 2015 (Doc. 111). He found that there were two relevant grievances dated December 17, 2010 and February 8, 2012. He concluded that Plaintiff fully exhausted the December 17th grievance as to Defendants Bradley, Lind, Furlow, and Clark for failure to protect, but not Defendant James. He further concluded that Plaintiff completed the grievance process with respect to the February 8th grievance, but it was insufficient to establish exhaustion on his claims against Defendants Camp and Hastings for failure to protect and deliberate indifference. Accordingly, he recommended granting in part and denying in part the motion for summary judgment.

Objections to the Report and Recommendation were due on or before March 16, 2015 (*see* Doc. 64). *See also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson carefully laid out the documentary and testimonial evidence, and thoroughly discussed his conclusion that Plaintiff exhausted his administrative remedies with respect to some of the Defendants, but not others. The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson regarding the issue of exhaustion.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 111). Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 86) is **GRANTED in part and DENIED in part**. Defendants James, Camp, and Hastings are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

This case will proceed on Count One for failure to protect in violation of the Eighth Amendment against Defendants Bradley, Lind, Furlow, and Clark and Count Two for deliberate indifference against Defendant Vipin Shah.

**IT IS SO ORDERED.**

**DATED:   March 19, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
