IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-553-NJR-DGW |
| | ) |
| JASON BRADLEY, BART LIND, SEAN FURLOW, MICHAEL CLARK, and VIPIN K. SHAH, | ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently before the Court is a "Motion to Alter or Amend a Judgment" filed by Plaintiff, Christopher E. Young, on February 3, 2016 (Doc. 144). Also before the Court are two Motions for Leave to Appeal *in forma pauperis* (Docs. 149, 150). For the reasons stated below, these motions are denied.

### INTRODUCTION

Plaintiff Christopher Young, an inmate in the custody of the Illinois Department of Corrections, brought this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. More specifically, Plaintiff alleges correctional officers at Pinckneyville failed to protect him from inmate attacks, despite receiving adequate warning, and these officers, as well as medical personnel, failed to provide him with adequate medical care. Following the Court's initial screening of the complaint pursuant

to 28 U.S.C. § 1915A, as well as motions for summary judgment on the issue of exhaustion, Plaintiff was permitted to proceed on two counts:

> **Count 1:** Eighth Amendment failure to protect claim against Defendants Bradley, Lind, Furlow, James, and Clark; and
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Shah, Camp, and Hastings.

Defendants James, Camp, and Hastings were dismissed without prejudice on March 19, 2015, for Plaintiff's failure to exhaust administrative remedies (Doc. 113). Defendants Bradley, Lind, Furlow, Clark, and Shah were dismissed with prejudice on January 28, 2016 (Doc. 142). It appears from Plaintiff's motion that he is only contesting the order which dismissed Defendants Bradley, Lind, Furlow, Clark, and Shah *(See* Doc. 144).

On February 3, 2016, Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 144). On the same day, Plaintiff also filed a Notice of Appeal (Doc. 145). Plaintiff then filed motions to proceed *in forma pauperis* on February 9, 2016, and February 11, 2016 (Docs. 149, 150).

## DISCUSSION

**A. Motion to Reconsider**

As an initial matter, the Court must address its jurisdiction to decide Plaintiff's motion to reconsider filed pursuant to Federal Rule of Civil Procedure 59(e). Normally, "a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In a scenario such as this, however, where a party prematurely files a notice of appeal before the Court has acted

on a timely Rule 59 motion, the notice of appeal does not divest the Court of jurisdiction to rule on the motion. *See* FED. R. APP. P. 4(a)(4)(B)(i). The notice of appeal is, in effect, suspended until the Rule 59 motion is disposed of. *See* FED. R. APP. P. 4(a)(4)(B)(i).

Having established that this Court has jurisdiction to rule on the motion to reconsider, the Court now moves on to address the merits of the motion. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.*

Plaintiff did not present new evidence that was previously unavailable at the time the Court dismissed his case. Instead, Plaintiff reiterates that he has an Eighth Amendment claim against Defendants Bradley, Lind, Furlow, Clark, and Shah. Plaintiff then proceeds to lay out the timeline in which Defendants filed a motion for summary judgment and Plaintiff responded. Plaintiff states that he has a "genuine issue in this case for failure to protect, and deliberate indifference." The motion is devoid of any claim of error of law or fact and does not present any new evidence, meaning Plaintiff fails to meet his burden under Federal Rule of Civil Procedure 59(e).

In conclusion, Plaintiff has not stated or demonstrated any grounds for relief under Rule 59(e), and the Court remains persuaded that its ruling was correct. Accordingly, Plaintiff's motion to reconsider (Doc. 144) is **DENIED**.

B. **Motion for Leave to Appeal** *In Forma Pauperis*

As previously mentioned, Plaintiff filed his motion to reconsider and motion to appeal on the same day, and several days later he filed two motions to proceed on appeal *in forma pauperis* ("IFP")[1]. A federal court may permit a party to proceed on appeal IFP without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A).

The Court has no reason to doubt Plaintiff's indigence. He is an inmate currently incarcerated at Stateville Correctional Center, and according to his sworn affidavit, he has no cash, no money in any bank accounts, and does not own any real estate (Doc. 149). As of February 1, 2016, Plaintiff's trust fund at the prison had a negative balance of over seventy-five dollars (Doc. 149).

Despite Plaintiff's clear indigence, however, the Court declines to grant his motion to proceed IFP because his appeal is not taken in good faith. An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton, 209 F.3d 1025,* 1026 (7th Cir. 2000). Defendants Lind, Clark, Furlow, and Bradley were granted judgment as a matter a law because Plaintiff did not show that these defendants knew of and disregarded any risk of harm facing him, which is required for an Eighth Amendment claim for failure to protect. *See Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). The deliberate indifference claim against Defendant Shah was dismissed with prejudice because Plaintiff failed to provide the Court with adequate evidence to

---

[1] One of these motions (Doc. 150) is actually an affidavit in support of a motion to proceed IFP, but it was docketed as a separate motion.

support this allegation. On appeal, Plaintiff does not identify any errors in the Court's recitation of the facts or the Court's analysis (*See* Doc. 144). Because Plaintiff has not set forth an arguable basis in either law or fact for his appeal, and there is nothing indicating that his appeal has any legal merit, the appeal is frivolous. Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith, and his request to proceed on appeal *in forma pauperis* is **DENIED**.

## CONCLUSION

Plaintiff Christopher Young's "Motion to Alter or Amend a Judgment" is **DENIED** (Doc. 144). Plaintiff's motions for leave to proceed on appeal *in forma pauperis* are also **DENIED** (Docs. 149, 150)**.** Since Plaintiff has been denied pauper status, he must immediately pay the full amount of the appellate filing and docketing fee of five hundred and five dollars ($505.00) to the Clerk of Court in this District. Or he has thirty days from the date of this Order to reapply to the Seventh Circuit Court of Appeals for leave to proceed on appeal *in forma pauperis*. FED. R. APP. P. 24(a)(5).

**IT IS SO ORDERED.**

**DATED:   February 29, 2016**

  _Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**